MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2015 ME 90
Docket:       Pen-14-539
Argued:       June 16, 2015
Decided:      July 23, 2015

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and JABAR, JJ.

STATE OF MAINE

v.

G.F.

PER CURIAM

[¶1]  G.F., a youth who was born in 2000, appeals from a judgment entered by the Superior Court (Penobscot County, *Anderson, J.*) affirming a judgment of the District Court (Bangor, *Jordan, J.*) adjudicating G.F. to have committed an assault (Class D), 17-A M.R.S. § 207(1)(A) (2014),[1] and committing G.F., who was then thirteen years old, to the Department of Corrections Mountain View Youth Development Center for an indeterminate period up to age seventeen.[2]  G.F. argues that the disposition is disproportionate to the assault adjudication and not rationally related to the purposes of the Maine Juvenile Code.  Because we lack jurisdiction, we dismiss the appeal.

---

[1]  G.F. simultaneously pleaded guilty to a separate assault (Class D), 17-A M.R.S. § 207(1)(A) (2014), though the two matters were not consolidated.

[2]  This appeal has not been expedited.  The District Court adjudicated G.F.'s guilt after a trial in May 2013.  The order of disposition was entered on July 2, 2013, and G.F. timely appealed to the Superior Court.  The Superior Court entered the judgment that is now on appeal on December 12, 2014.

[¶2]  The applicable statute authorizes an appeal to the Superior Court from both the juvenile adjudication and the disposition.  15 M.R.S. § 3402(1)(A), (B) (2014).  The juvenile then has the right to appeal to the Law Court from a Superior Court's judgment entered with respect to a juvenile adjudication but *not* with respect to the disposition.  15 M.R.S. §§ 3402(1)(A), 3407(2)(A) (2014); *State v. Flint H.*, 544 A.2d 739, 741 (Me. 1988).

[¶3]  The Maine Legislature has recently enacted amendments to the Maine Juvenile Code that will eliminate that dichotomy and authorize direct appeals to us from both adjudications and dispositions in juvenile matters.  *See* P.L. 2015, ch. 100, §§ 3, 6 (effective "90 days after the recess" of the First Regular Session of the 127th Legislature pursuant to Me. Const. art. IV, pt. 3, § 16) (to be codified at 15 M.R.S. § 3402).  G.F. does not argue that the changes in statute, which are not yet in effect, apply to this proceeding.

[¶4]  Thus, G.F. attempts to challenge the disposition entered by the District Court, affirmed in the Superior Court, even though the statutes do not authorize us to review a disposition.  Neither the factual and procedural record of the proceedings nor the disposition ultimately imposed provides a basis for Law Court jurisdiction over this appeal, which challenges only the disposition.  *See State v. Gleason*, 404 A.2d 573, 585-87 (Me. 1979).  Accordingly, we lack jurisdiction and must dismiss the appeal.

The entry is:

Appeal dismissed.

---

**On the briefs:**

Jamesa J. Drake, Esq., Drake Law, LLC, Auburn, for appellant G.F.

R. Christopher Almy, District Attorney, and Susan J. Pope, Asst. Dist. Atty., Prosecutorial District V, Bangor, for appellee State of Maine

**At oral argument:**

Jamesa J. Drake, Esq., for appellant G.F.

Susan J. Pope, Asst. Dist. Atty., for appellee State of Maine

Penobscot County Superior Court docket number AR-2013-02
FOR CLERK REFERENCE ONLY